IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| JONATHAN ANDREW PERFETTO, | CV 22-80-H-SEH |
| Plaintiff, | |
| vs. | ORDER |
| LIEUTENATN FNU HARMON; JOHN/JANE DOE, DIRECTOR OF NURSING; CYNTHIA WOLKEN, DEPUTY DIRECTOR OF THE MONTANA DEPARTMENT OF CORRECTIONS; CONNIE WINNER, CLINICAL SERVICES ADMINISTRATOR; FNU SHUTE, PHYSICAN ASSISTANT; PAUL REESE, MEDICAL DOCTOR; FNU PASHA, C.C. REGISTERED NURSE; RAY HUNT, DIETICIAN; MICHELLE STYLE, UNIT MANAGER; MARK LOCKERIE, GRIEVANCE COORDINATOR; CARLA STRUTZLE, UNIT MANAGER; FNU WIRTH, GRIEVANCE COORDINATOR; JIM SALMONSEN, WARDEN; TERRIE STEFALO, RELIGIOUS ACTIVITES COORDINATOR; D.J. GODFREY, ASSISTANT WARDEN OF SECURITY; BARBARA SWANSON, GRIEVANCE COORDINATOR; and JOHN/JANE DOES, RELIGIOUS ISSUES COMMITTEE | |
| Defendants. | |

Plaintiff Jonathan Andrew Perfetto (Perfetto), a state prisoner proceeding without counsel, filed a Complaint alleging Defendants violated his constitutional rights during incarceration at Montana State Prison (MSP).[1] Five distinct claims are listed in the Complaint, four of which challenge Perfetto's experience with the MSP grievance system. State law violations are also alleged.

## SCREENING STANDARDS

The Court must review the Complaint[2] and dismiss before it is served if (1) frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from such relief.[3]

Fed. R. Civ. P. 8 requires that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief"[4] and must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[5] Allegations must cross "the line from conceivable to plausible."[6] *Pro se* filings are "to be liberally construed,"[7] and a "*pro se* complaint, however inartfully pleaded, must be held to less stringent

---

[1] Doc. 2.
[2] *See* 28 U.S.C. §§ 1915, 1915A.
[3] *See* §§ 1915A(b), 1915(e)(2)(B).
[4] Fed. R. Civ. P. 8(a)(2).
[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).
[6] *Id.* at 680.
[7] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").

standards than formal pleadings drafted by lawyers."[8] A 42 U.S.C. § 1983 claim

must allege two elements: (1) that a right secured by the Constitution or laws of the

United Sates was violated, and (2) that the violation was committed by a person

acting under the color of state law.[9]

## ANALYSIS

Perfetto names various MSP employees and officials as Defendants. No

claim for federal relief under 42 U.S.C. § 1983 is stated. The Complaint will be

dismissed.

### Claim 1: Loss of Phone and Access to Legal Materials.

Perfetto states that following an assault on an officer on January 24, 2022,

the high side unit of MSP was placed on lockdown.[10] On January 27, 2022, high

side prisoners, including Perfetto, were allowed out of their cells for less than an

hour, and between January 28, 2022, and January 31, 2022, were allowed out of

their cells for two to three hours. [11] When out of their cells, the prisoners' phone

system was turned off. Prisoners only had access to the legal research tablets every

other day.[12]

Perfetto claims that during this time period he had a case pending in the New

---

[8] *Id.*
[9] *See West v. Atkins*, 487 U.S. 42, 48 (1988).
[10] Doc. 2 at 15.
[11] *Id.*
[12] *Id.*

Hampshire Supreme Court, *State v. Perfetto*, No. 2021-0154, requiring his attention.[13] He acknowledges he had appointed counsel in that case, but that he needed to file a *pro se* motion requesting he be voluntarily committed to the secure psychiatric unit at the New Hampshire State Prison.[14] He claims he wanted to research whether a prisoner had successfully filed such a motion and to contact his attorney to verify the motion was filed correctly.[15] He asserts the partial lockdown conditions prevented him from doing the research and contacting his attorney.[16] He also claims the actions of D.J. Godfrey (Godfrey) and Jim Salmonsen (Salmonsen) violated his rights under Article II, Section IV of the Montana Constitution.[17]

This claim pleads a violation of state law not cognizable under § 1983, which provides a remedy only for violations of the federal Constitution and laws or treaties of the United States.[18] A purported "violation of state law [that] amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress."[19]

---

[13] *Id.* at 16.

[14] *Id.*

[15] *Id.*

[16] *Id.* at 11.

[17] *See* Mont. Const. art. II, § 4 ("Individual dignity. The dignity of the human being is inviolable. No person shall be denied the equal protection of the laws. Neither the state nor any person, firm, corporation, or institution shall discriminate against any person in the exercise of his civil or political rights on account of race, color, sex, culture, social origin or condition, or political or religious ideas.").

[18] *West*, 487 U.S. at 48.

[19] *Sweaney v. Ada Cty., Idaho*, 119 F.3d 1385, 1391 (9th Cir. 1997) (quoting *Lovell v. Poway Unified Sch. Dist.*, 90 F.3d 367, 370 (9th Cir. 1996).

The referenced New Hampshire litigation was stayed on November 29, 2021, and as of September 30, 2022, remained stayed.[20] Perfetto was, at all times, represented by counsel in the New Hampshire case during the lockdown and the case was stayed. This claim is dismissed.

**Claim 2: Loss of Religious Freedom.**

Perfetto outlines a history of difficulty in receiving kosher meals, beginning in 2019, and with the grievances he filed.[21] He also filed grievances for not being allowed to wear his tzitzit, a prayer shawl and yarmulke in the day room, and not being allowed to fast.[22] All were either denied or not processed.[23] Perfetto believes his formal grievance was improperly processed and he was ultimately denied a warden-level grievance in which he sought to participate in a messianic Judaism service held 300 miles away from the prison.[24]

Perfetto identified no federal constitutional violation in the complaint, which alone is fatal to his claim. His attempt to challenge MSP's administration of its own grievance process is not a cognizable claim. There is no federal constitutional right to a prison or jail administrative appeal or grievance system.[25] Prison officials

---

[20] *See* New Hampshire Supreme Court, 9/30/22 Case Status Report: https://www.courts.nh.gov/our-courts/supreme-court/case-status-report (last accessed November 30, 2022).
[21] Doc. 2 at 16, 18–30.
[22] *Id.* at 30–31.
[23] *Id.*
[24] *Id.* at 32–33.
[25] *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988).

are not liable for a due process violation by failing to process an appeal properly, by denying an inmate appeal, or by granting an inmate appeal. The claim is dismissed.

### Claim 3: Denial of Legal Research via Cell Restriction Policy.

Perfetto claims Deputy Director Cynthia Wolken (Wolken), by instituting MSP Policy 3.4.1, effectively denied him legal research access while being held in restrictive housing in violation of Article II, Section IV of the Montana Constitution.[26] Perfetto was placed in restrictive housing from October 20, 2021, to October 29, 2021, for making threats.[27] He claims that during this period he could not use the library or access legal materials on the inmate tablets and was prevented from working on two cases, and that he filed a direct final-level grievance complaining prisoners who are placed on cell restrictions could not go to the library or use LexisNexis and other research tools provided to inmates.[28] The grievance was denied by Wolken.

Neither the state law claim nor the challenge to the grievance procedure is cognizable under federal law. No denial of access to the courts occurred. This claim fails and is dismissed.

---

[26] Doc. 2 at 12.
[27] *Id.* at 35.
[28] *Id.* at 34.

**Claim 4:    Denial of Current Case Legal Work.**

Perfetto also asserts that when held in restrictive housing members of MSP

denied him his "current case legal work" in violation of Article II, Section IV of

the Montana constitution.[29] He claims he filed grievances at each level to which

employees FNU Harmon, Barbara Swanson, and Salmonsen responded,[30] and he

filed a final step grievance, which Wolken denied on March 29, 2022.[31] He states

he had to file a continuance in one of his pending legal matters, *Perfetto v. Hanks*,

Cause No. 18-CV-554-SE, because of Defendants' actions.

No federal constitutional violation is identified. Both the claim under the

Montana Constitution and the challenge to the MSP grievance process fail. A

prisoner must establish he suffered an actual injury, a jurisdictional requirement

that flows from the standing doctrine and may not be waived, to establish a

violation of the right of access to the courts.[32] An "actual injury" is "actual

prejudice with respect to contemplated or existing litigation, such as the inability to

meet a filing deadline or to present a claim"[33] Delays in providing legal materials

or assistance that result in actual injury are "not of constitutional significance" if

"they are the product of prison regulations reasonably related to legitimate

---

[29] *Id.* at 12.
[30] *Id.* at 36.
[31] *Id.* at 35.
[32] *Lewis v. Casey*, 518 U.S. 343, 349 (1996).
[33] *Id.* at 348.

penological interests."[34]

Perfetto contends he "had to file a continuance to respond to defendant's motion to dismiss" in *Perfetto v. Hanks*,[35] which is still pending. He has not shown he was unable to meet a filing deadline or present a claim or that an "actual injury" occurred. This claim is dismissed

### Claim 5:    Denial of Adequate Medical Care.

Various medical grievances arising from incarceration at MSP are claimed. Perfetto alleges FNU Shute failed to prescribe him a medication in 2019, and that in response, he filed a direct level grievance on October 2, 2019, which was granted on February 14, 2020.[36] On October 4, 2019, Perfetto filed a separate grievance pertaining to anti-psychotic medication not being properly prescribed. This grievance was denied.[37] Perfetto then filed a direct level grievance complaining Schute denied his request for a wedge pillow to elevate his legs and treat his edema,[38] which was denied.[39]

On December 27, 2021, Perfetto filed another grievance stating he was not receiving his prescription mouth drops, which was granted by Todd Boese on

---

[34] *Id.* at 362.
[35] Doc. 2 at 36–37; *see* Cause No. CV-18-554-SE, (Aug. 9, 2021).
[36] Doc. 2 at 37.
[37] *Id.* at 38–39.
[38] *Id.* at 39.
[39] *Id.* at 40.

January 21, 2022.[40] Also, on December 27, 2021, he filed a direct level grievance

seeking a wedge pillow and a lower bunk approval, which was granted in part.[41] A

lower bunk was approved, a wedge pillow was not.[42]

Perfetto asserts John/Jane Does, who answered his informal resolution and

warden-level grievance appeal, Mark Lockerie, who denied his initial mouth drops

and bottom bunk grievance, and Connie Winner who denied his director's level

pillbox and wedge pillow grievance, all demonstrated deliberate indifference to his

serious medical needs in violation of Montana Code Annotated § 7-1-2101.[43] All

fail.

Perfetto's challenges under Montana law and to MSP's grievance procedure

are not cognizable under § 1983. No denial of medical care claim is stated. Section

1983 claims cannot sound merely in negligence or substandard medical care.[44]

"Deliberate indifference," on the other hand, "is a high legal standard," and claims

of medical malpractice, negligence or a difference of opinion concerning the

---

[40] *Id.* at 40–41.

[41] *Id.* at 41–42.

[42] *Id.* at 42.

[43] *See* Mont. Code Ann. § 7-1-2101 ("Nature of county. (1) A county is the largest political division of the state having corporate power. (2) Every county is a body politic and corporate and as such has the power specified in this code or in special statutes and such powers are necessarily implied from those expressed.").

[44] *Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights.").

course of treatment are insufficient to establish a constitutional deprivation.[45]

Perfetto has not shown any defendant was deliberately indifferent to his medical needs. Medical adjustments in fact were made following his use of the grievance process and in consideration of his medical needs. He has not provided any specific factual allegations that the named defendants acted with deliberate indifference to his situation by "know[ing] of and disregard[ing] an excessive risk to [his] health and safety."[46] No Eighth Amendment medical indifference claim is stated.

A complaint must be dismissed under 28 U.S.C. §§ 1915 and 1915A if it fails to state a claim upon which relief may be granted.[47] The Court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts."[48] Leave to amend is liberally granted to *pro se* litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment."[49] Here, leave to amend would be futile. Perfetto's claims are dismissed without leave to amend.

**ORDERED:**

1.      This matter is **DISMISSED** for failure to state a federal claim. The

---

[45] *Toguchi*, 391 F.3d at 1060.
[46] *Farmer*, 511 U.S. at 837.
[47] *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).
[48] *Lopez*, 203 F.3d at 1127 (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).
[49] *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

Clerk of Court is directed to close this matter and enter judgment under Fed. R. Civ. P. 58.

2. The Clerk of Court is directed to have the docket reflect the Court certifies any appeal of this decision would not be taken in good faith.[50]

3. Filing of this action counts as one strike against Perfetto under 28 U.S.C. § 1915(e)(2)(B)(ii).

DATED this 15th day of December, 2022.

Sam E. Haddon
United States District Court Judge

---

[50] *See* Fed. R. App. P. 24(a)(3)(A).